IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOUTH AMERICAN SILVER LIMITED (BERMUDA) | : |
| Plaintiff, | : |
| v. | : Case No. _____ |
| THE PLURINATIONAL STATE OF BOLIVIA | : |
| Defendant. | : |

# COMPLAINT FOR THE
# RECOGNITION AND ENFORCEMENT OF
# INTERNATIONAL ARBITRAL AWARD

## Complaint Summary

Plaintiff South American Silver Limited (Bermuda) ("SASL") seeks by this Complaint the recognition and enforcement of a late-2018 international arbitration award for the expropriation by Bolivia of certain SASL mining operations.  The arbitration panel convened by the Permanent Court of Arbitration in The Hague, Netherlands awarded SASL $18.7 million plus compound interest.

This Court has secondary jurisdiction over the arbitral award.  That is, this Court does not review the merits of the award, but upon demonstration of subject matter and personal jurisdiction may rely on the certified copy of the arbitral award to enter judgment.

SASL pursues a judgment from this Court under plenary proceedings as directed in *Teco Guatemala Holdings, LLC v. Republic of Guatemala,* 2018 WL 470594 (D.C. Cir. 2018).

Personal jurisdiction over defendant Bolivia is through the "arbitration exception" in the Foreign Sovereign Immunities Act ("FSIA"), 28 USC §§ 1605(a)(1).  This Court has subject matter jurisdiction pursuant under these provisions when coupled with legally sufficient service

and proper venue. *See Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, 863 F.3d 96 (2nd Cir. 2017).

Certified copies of the Treaty and the Arbitration Opinion/Decision are attached and made part of this Complaint.

## PARTIES

1. Plaintiff South American Silver Limited (Bermuda) ("SASL") is a Bermuda corporation with its principal offices in Hamilton, Bermuda.

2. Defendant is the Plurinational State of Bolivia ("Bolivia'). The Embassy of Bolivia is at 3014 Massachusetts Ave., N.W., Washington, D.C. 20008, and the Consulate General of Bolivia is at 1825 Connecticut Ave., N.W. Washington, D.C. 20009.

3. Bolivia is a "foreign state" for purposes of the Foreign Sovereign Immunities Act ("FSIA"), 28 USC § 1603.

4. SASL initiated an arbitration in April 2013 against Bolivia (PCA Case No. 2013-15). SASL sought compensation for the expropriation of certain SASL's mining operations in Bolivia.

## THE ARBITRATION

5. Pursuant to the terms of the 1988 Agreement Between the Government of the United Kingdom and Northern Ireland and the Government of the Republic of Bolivia for the Promotion and Protection of Investments, signed by both the United Kingdom and Bolivia (the Agreement is referred to herein as the "Treaty"), SASL could pursue it claims against Bolivia in arbitration. The Treaty was extended in 1992 to include Bermuda as a U.K. territory. A certified copy of the Treaty is attached as Exhibit 1.

6. The Treaty provides in Article 8 Part (1) the agreement that "Disputes between an Investor and a Host State … shall be submitted to international arbitration if either party to the dispute so wishes." SASL is an "Investor" and Bolivia is the "Host State."

7. SASL complied with Treaty terms and at the appropriate time requested arbitration. The arbitration was before the Permanent Court of Arbitration in The Hague, Netherlands. The arbitration was conducted under the UNCITRAL Arbitration Rules.

8. The arbitral decision was announced in late 2018. The decision awarded SASL $18,700,000.00 (US) plus compound interest to the date of payment of the award. The interest rate is that established by the Central Bank of Bolivia as of August 12, 2012. See ¶ 17 below.

## JURISDICTION and VENUE

9. The Foreign Sovereign Immunities Act ("FSIA"), 28 USC §§ 1330, 1332, 1391(f), 1441(d), and 1602–1611, applies to this matter. Section 1605 of the FSIA provides:

> General exceptions to the jurisdictional immunity of a foreign state
>
> (a) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—
>
> (1) in which the foreign state has waived its immunity either explicitly or by implication, notwithstanding any withdrawal of the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver; or
> …

10. Under the FSIA, federal courts are empowered to exercise personal jurisdiction over a foreign sovereign when two conditions are met: (1) an exception from jurisdictional immunity established by the FSIA (see ¶ 9 above) applies, and (2) the sovereign has been served with process in accordance with the FSIA's provisions. *See* 28 U.S.C. § 1330(b); *Shapiro v. Republic of Bolivia*, 930 F.2d 1013, 1020 (2d Cir. 1991) ("Under the FSIA ... personal

jurisdiction [over a foreign sovereign] equals subject matter jurisdiction plus valid service of process."). The procedural requirements are set forth in 28 U.S.C. § 1608 ("Service; time to answer; default"), and the venue requirements are set forth in 28 U.S.C. § 1391(f) ( "Civil actions against a foreign state").

11. SASL is serving Bolivia as required under 28 USC §§ 1330(b) and 1608(a).

12. Venue is proper in the District of Columbia under 28 USC § 1391(f)(4).

## RELEVANT FACTS

13. SASL invested in mining operations in Bolivia. Bolivia expropriated the SASL operations in 2012.

14. SASL sought compensation under the Treaty.

15. When the parties were unable to reach agreement, SASL initiated an international arbitration in the Permanent Court of Arbitration ("PCA") in The Hague, Netherlands. The Treaty provides for international arbitration.

16. Following protracted proceedings, the PCA issued a 265-page written opinion in October 2018. A copy of the Arbitration Opinion is attached at Exhibits 2 and 3 (to submit in attachments of less than 10MB, the full Opinion is filed in two segments, Exhibit 2 and Exhibit 3; a separate Opinion is attached as Exhibit 4). The Decision is found at page 264, ¶ 938 of the opinion. Beginning in subparagraph (a) of ¶ 938, the tribunal decided it has jurisdiction. Then, in subparagraph (b), the Decision states that Bolivia breached the requirement to provide SASL compensation. Bolivia is then ordered, in subparagraph (g), to pay "US$18.7 million" to SASL. Additionally, under subparagraph (h), Bolivia is to pay compound interest from the date of the award at the rate established by the Central Bank of Bolivia as of August 12, 2012.

17. The complete Decision page (page 264) is shown below in FIGURE 1. The four applicable subparagraphs are highlighted.

**FIGURE 1**
**ARBITRATION DECISION**

PCA Case No. 2013-15
Award

**X  DECISION**

938. For the reasons stated, the Tribunal, by a majority vote, decides to:

**Jurisdiction**
(a) Dismiss all of the Respondent's objections to the jurisdiction of the Tribunal and to the admissibility of the Claimant's claims, and to declare that it has jurisdiction over this dispute.

**Breach**
(b) Declare that the Respondent breached the requirement to provide compensation as established under Article 5 of the Treaty.

(c) Declare that the Respondent did not breach its obligation to afford fair and equitable treatment to the investment.

(d) Declare that the Respondent did not breach its obligation to afford full protection and security to the investment.

(e) Declare that the Respondent did not breach its obligation not to adopt arbitrary and discriminatory measures that preclude the use and enjoyment of the investment.

(f) Declare that the Respondent did not breach its obligation not to afford less favorable treatment to SAS' investments than the investments of its own investors.

**$$ Award**
(g) Order the Respondent to provide compensation to the Claimant in the amount of US$18.7 million.

**Interest**
(h) Order the Respondent to pay the Claimant compound interests on the amount established at subparagraph (g) above at the interest rate established by the Central Bank of Bolivia as of August 1, 2012 and until the date the payment of the compensation is completed.

(i) Order the Claimant to assume 65% of the amount of the arbitral costs mentioned at paragraph 927 of this award, and the Respondent shall assume the remaining 35%.

(j) Order each Party to assume their own legal costs and expenses in the arbitration, including the fees and expenses of their representatives, experts, and witnesses, and other costs and expenses incurred in connection with the arbitration.

# LEGAL CLAIM

## Recognition and Enforcement of the Arbitral Award

18.  SASL repeats and realleges the allegations in ¶¶ 1-17 above.

19.  This Court has subject matter jurisdiction over this matter, and it has personal jurisdiction over Bolivia.

20.  The arbitral award is a valid and enforceable arbitration award conducted pursuant to the Treaty. The award in the amount of $18.7 million plus compound interest is in favor of SASL and against Bolivia.

21.  This Court should recognize and enforce the arbitral award by entering judgment in favor of SASL and against Bolivia consistent with the terms of the arbitral award.

WHEREFORE, Plaintiff South American Silver Limited (Bermuda) asks this Court to enter judgment in its favor and against Defendant the State of Plurinational Bolivia in the amount of $18,700,000.00 plus interest from August 30, 2018 until paid in full at the rate established by the Central Bank of Bolivia as of August 12, 2012. Plaintiff also asks the Court to award it its recoverable costs and reasonable attorney's fees in this action, and for all such other relief as this Court deems just and proper.

Respectfully submitted,

**South American Silver Limited (Bermuda)**
By counsel

  /s/ James S. Kurz
James S. Kurz (DC Bar 349100)

**REDMON PEYTON & BRASWELL  LLP**
510 King Street, Suite 301
Alexandria, VA  22314
Ph: (703) 684-2000
Email: JKurz@RPB-law.com


James S. Kurz is a member in good standing of the bar of this Court.